# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-478V
Filed: April 22, 2024

```
* * * * * * * * * * * * * * * * * * * * * * * * *   *
                                                    *
SCARLETT YOUNG, personal                            *
representative of the Estate of JIMMIE              *
VANCE, deceased,                                    *
                                                    *
                   Petitioner,                      *
                                                    *
v.                                                  *
                                                    *
SECRETARY OF HEALTH AND                             *
HUMAN SERVICES,                                     *
                                                    *
                   Respondent.                      *
                                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *   *
```

*Bridget McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner
*Ryan Miller*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION ON JOINT STIPULATION[1]

On April 21, 2020, Scarlett Young ("Petitioner") filed a petition, as personal representative of the Estate of Jimmie Vance ("decedent"), seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges that decedent suffered from Guillain-Barré syndrome as a result of the influenza ("flu") vaccination he received on September 12, 2017. *See* Stipulation ¶ 2, 4, dated April 22, 2024 (ECF No. 45); *see also* Petition. Petitioner further alleges that "decedent experienced the residual effects of this

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

condition for more than six months and died as a result of a vaccine injury on December 24, 2019." *See* Stipulation ¶ 4.

Respondent denies "that the flu vaccine caused decedent to suffer from GBS or any other injury or condition; and denies that decedent's death was a result of a vaccine-related injury." *See* Stipulation ¶ 6. Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed April 22, 2024 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

1. A lump sum of $34,125.00 in the form of a check payable to petitioner as legal representative of decedent's estate; and

2. A lump sum of $6,000.00, representing reimbursement of a Medicaid lien for services rendered to decedent by the State of Kentucky, in the form of a check payable jointly to petitioner as legal representative of decedent's estate and the Kentucky State Treasurer:

Kentucky Medicaid Recovery Unit
c/o Gainwell Technologies
P.O. Box 2107
Frankfort, KY 40602
Medicaid #1005168716

Petitioner agrees to endorse this check payable to the Kentucky State Treasurer.

Stipulation ¶ 8. This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

SCARLETT YOUNG,
personal representative of the Estate of
JIMMIE VANCE, deceased,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 20-478V
Special Master Katherine E. Oler

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Scarlett Young ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program") as personal representative of the Estate of Jimmie Vance ("decedent"). The petition seeks compensation for injuries allegedly related to decedent's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Decedent received a flu vaccine on September 12, 2017.

3. That vaccine was administered within the United States.

4. Petitioner alleges that decedent suffered from Guillain-Barré syndrome ("GBS") as a result of receiving the flu vaccine. Petitioner further alleges that decedent experienced the residual effect of this condition for more than six months and died as a result of a vaccine injury on December 24, 2019.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on decedent's behalf as a result of his condition or death.

6. Respondent denies that the flu vaccine caused decedent to suffer from GBS or any other injury or condition; and denies that decedent's death was a result of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   A. A lump sum of **$34,125.00** in the form of a check payable to petitioner as legal representative of decedent's estate; and

   B. A lump sum of **$6,000.00**, representing reimbursement of a Medicaid lien for services rendered to decedent by the State of Kentucky, in the form of a check payable jointly to petitioner as legal representative of decedent's estate and the Kentucky State Treasurer:

**Kentucky Medicaid Recovery Unit**
**c/o Gainwell Technologies**
**P.O. Box 2107**
**Frankfort, KY 40602**
**Medicaid #1005168716**

Petitioner agrees to endorse this check to the Kentucky State Treasurer.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa- 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of decedent's estate under the laws of the State of Kentucky. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing petitioner's appointment as legal representative of decedent's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of decedent's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of decedent's estate upon submission of written documentation of such appointment to the Secretary.

3

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity and as personal representative of decedent, on petitioner's own behalf, and on behalf of decedent's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of decedent resulting from, or alleged to have resulted from, the flu vaccination administered on or about September 12, 2017, as alleged by petitioner in a petition for vaccine compensation filed on or about April 21, 2020, in the United States Court of Federal Claims as petition No. 20-478V.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

4

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused decedent's alleged injury, or any other injury or decedent's death.

18. All rights and obligations of petitioner hereunder in petitioner's capacity as personal representative of decedent's estate shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*Scarlett Young*
SCARLETT YOUNG

ATTORNEY OF RECORD
FOR PETITIONER:

*Bridget McCullough*
BRIDGET MCCULLOUGH
Muller Brazil
715 Twining Road
Suite 208A
Dresher, PA
(215) 885-1655
bridget@mullerbrazil.com

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*Heather L. Pearlman*
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2024.04.02 11:59:55 -04'00'
for
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*Ryan P. Miller*
RYAN P. MILLER
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-3027
ryan.miller2@usdoj.gov

Dated: 4/22/24

6