<p style="color:red; text-align:center">CORRECTED</p>

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-478V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| SCARLETT YOUNG, *personal representative of the Estate of* JIMMIE VANCE, | * * * * | |
| Petitioner, | * * | Special Master Shah |
| v. | * * | Filed: April 10, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * | | |

*Bridget McCullough,* Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Ryan Miller,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 21, 2020, Scarlett Young ("Petitioner") filed a petition, as personal representative of the Estate of Jimmie Vance ("decedent"), seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet. (ECF No. 1). Petitioner alleged that the decedent suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccination he received on September 12, 2017. *See id.* On April 22, 2024, the parties filed a stipulation, which former Special Master Katherine E. Oler adopted in a Decision awarding

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

compensation filed that same day. ECF Nos. 45, 46. Petitioner was awarded $34,125.00 for pain and suffering and $6,000.00 to satisfy a Medicaid lien. ECF No. 46.

On September 12, 2024, Petitioner filed an application for final attorneys' fees and costs ("Fees App."). ECF No. 52. Petitioner requests attorneys' fees and costs in the amount of $42,294.24, consisting of $31,066.60 in attorneys' fees and $11,227.64 in attorneys' costs. Fees App. at 2. Petitioner indicated she did not personally incur costs related to the prosecution of this petition. *See id.* Respondent responded to the motion ("Fees Resp.") on September 13, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Fees Resp. at 2, 4 (ECF No. 53). Petitioner did not file a reply.

This matter is now ripe for consideration.

## I. Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

### A. Reasonable Hourly Rates

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Petitioner requests the following rates of compensation for her attorneys: for Ms. Bridget McCullough, $225.00 per hour for work performed in 2019, $250.00 per hour for work performed in 2020, $275.00 per hour for work performed in 2021, $300.00 per hour for work performed in 2022, $350.00 per hour for work performed in 2023, and $375.00 per hour for work performed in

2024; and for Mr. Max Muller, $325.00 per hour for work performed in 2019, and $425.00 per hour for work performed in 2023.  These rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and I find them to be reasonable here.  *See Newdall v. Sec'y of Health & Hum. Servs.*, No. 21-660V, 2024 WL 2290120, at *1 (Fed. Cl. Spec. Mstr. Apr. 18, 2024); *Portee v. Sec'y of Health & Hum. Servs.*, No. 22-691V, 2024 WL 2076742, at *1 (Fed. Cl. Spec. Mstr. Apr. 8, 2024).

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program.  *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable.  I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work.  None of the entries appear objectionable, nor has Respondent identified any entries as objectionable.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$31,066.60**.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable.  *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $11,227.64 in attorneys' costs.  This amount consists of costs associated with acquiring medical records, the Court's filing fee, postage, and expert services provided by neurologist Joseph S. Jeret.  *See* Fees App. Ex. B.  Dr. Jeret billed at $500.00 per hour for 16 hours, totaling $8,000.00.  *Id*. at 1, 11.  Dr. Jeret's requested rate is consistent with what he has been awarded for his past work in the Program, and his billing records appear reasonable.  *See Williams v. Sec'y of Health & Hum. Servs.*, No. 19-1269V, 2024 WL 1253768, at *5 (Fed. Cl. Spec. Mstr. Feb. 28, 2024).  Petitioner has provided adequate documentation supporting all requested costs, and Respondent has not identified any specific costs as objectionable.  I find these costs to be reasonable and award them in full.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of **$11,227.64**.

### II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable.  I find that it is reasonable to compensate Petitioner and her counsel as follows:

3

| Attorneys' Fees Requested | $31,066.60 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$31,066.60** |
| | |
| Attorneys' Costs Requested | $11,227.64 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$11,227.64** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$42,294.24** |

**Accordingly, I award a lump sum in the amount of $42,294.24, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<div style="text-align: right">

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

</div>

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).